UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JAMES WILBUR, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
|       v. | )   18-cv-255 |
| | ) |
| JOSEPH FITZPATRICK, et als., | ) |
| | ) |
|    Defendants | ) |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to F. R. Civ. P. 56 (a), defendants move for summary judgment in their favor on the claims remaining in this case. As grounds therefor, defendants state that there is no issue of material fact and that defendants are entitled to judgment as a matter of law. Specifically, defendants state:

1. There was no due process violation in the disciplinary proceeding in which monetary sanctions were imposed, as plaintiff pleaded guilty to the offenses and waived an appeal.

2. Plaintiff failed to exhaust available administrative remedies as to his claim of excessive force.

### Memorandum in Support of Motion

### Facts

Plaintiff James Wilbur, a prisoner incarcerated at the Maine State Prison, brought a complaint against multiple defendants alleging inequitable and improper disciplinary hearing practices, including in one instance the imposition of a $100 fine, as well as (by amended complaint) a single instance of use of excessive force. After its initial review, the Court allowed

1

the case to proceed on the claim of due process violations regarding the imposition of the monetary sanction and on plaintiff's claim against defendant Horton that Horton violated Wilbur's rights under the Eighth Amendment through the application of excessive force. *Order*, (ECF 15),

### Disciplinary proceeding

Wilbur alleges that on December 15, 2016, he was issued a disciplinary report by Capt. Abbott for the infractions of Disorderly Behavior and Equipment, alleging that plaintiff scanned an image of male genitalia onto a computer. He alleges that he was subjected to sanctions including $100 in fines. *Complaint,* ¶ 36. By reference to this paragraph of the Complaint, plaintiff alleges that the proceeding failed to comply with several requirements of the prison's disciplinary process (*Complaint*, ¶¶ 58 – 60) and, as relevant here, that it "failed to be conducted by including the evidence and witnesses requested by plaintiff at the time of hearing…" *Id.*, ¶ 61.

The affidavit of Capt. David Allen, the disciplinary hearing officer in this case, establishes that Wilbur wrote to a staff employee on the date of the incident taking full responsibility for the image found on the computer. The incident report indicates that Capt. Abbott interviewed Wilbur to determine if he was being coerced into making this admission and that Capt, Abbott determined that he was not being coerced. At the subsequent hearing, Wilbur pleaded guilty to both infractions. Based on Wilbur's plea, his letter admitting responsibility and Capt. Abbott's report, Capt. Allen found Wilbur guilty of the infractions and imposed several sanctions, including monetary sanctions totaling $100. Wilbur waived his right to appeal.

**Excessive Force Claim**

In the amendment to his Complaint, Wilbur claims that defendant Horton, a corrections officer, smashed his head against a wall while he was in mechanical restraints. *Motion for Leave to File Amended Complaint,* ¶ D (2). Wilbur filed a grievance regarding this incident with Grievance Review Office Josh Black on July 13, 2018. After investigating the grievance, Black determined that no wrongdoing was found in the use of force and, in a decision dated August 15, 2018, he denied Wilbur's grievance. Under the Department's grievance policy, Wilbur had 15 days from the date of Black's decision to file an appeal of the decision to the prison's warden. Black did not receive Wilbur's appeal until August 31 and dismissed the appeal as untimely.

**Argument**

**1. There was no due process violation in the disciplinary proceeding in which monetary sanctions were imposed, as plaintiff pleaded guilty to the offenses.**

The Court has rejected plaintiff's claims of due process violations as to various punishments imposed for other disciplinary violations because the sanctions did not impose an "atypical and significant hardship" when compared to the normal incidents of incarceration. *Recommended Decision*, p. 8, citing *Sandin v. Conner,* 515 U.S. 472 (1995). Although the Supreme Court has not ruled whether its decision in *Sandin* extends to the imposition of a monetary sanction, at least one court of appeals has ruled that a punishment including two separate fines failed to implicate a protected liberty interest and was "hardly atypical" such that no process was required before the punishment was imposed. *Hornsby v. Jones*, 392 Fed Appx. 653, 655 (10th Cir. 2010); *c.f., Cosco v. Uphoff,* 195 F. 3d 1221, 1223-1224 (10th Cir. 1999) (applying the reasoning of *Sandin v. Conner* to prison regulations governing property)*; but see, Reynolds v. Wagner*, 128 F. 3d 166 (3d Cir. 1997) (recognizing that prisoners have a protected

property interest in prison account funds.)  It is defendants' position that the imposition of a $100 sanction was not of sufficient hardship to require any particular process.

Even if due process were required before this sanction was imposed, plaintiff waived any rights to a hearing and to present evidence by pleading guilty to the offense.  Although plaintiff suggests he was deprived of the right to call witnesses and present exhibits, the hearing report specifically recites that he did not ask for any witnesses, there is no indication that he requested to introduce any evidence, and there was no need to do so in light of his plea.

On the facts thus established, it must be concluded that no due process violation occurred in connection with the imposition of this monetary sanction.

**2. Plaintiff failed to exhaust available administrative remedies as to his claim of excessive force.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(1)(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"…[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The exhaustion requirement specifically applies to claims of excessive force by corrections officers.  *See., Ross v. Blake,* ___ U.S. ___, 136 S. Ct. 1850 (2016).

The Supreme Court has interpreted the PLRA as requiring "proper exhaustion" of a prison's administrative appeals. *Woodford v. Ngo*, 548 U.S. 81 (2006).  "Proper exhaustion requires compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the

course of its proceedings." *Id.* at 90-91. An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement of the PLRA. *Id.* at 83-84. An inmate's administrative claim that is rejected for procedural reasons and that is not decided on the merits is considered unexhausted. *Patel v. Fleming*, 415 F. 3d 1105 (10th Cir. 2005).

Although Wilbur filed a grievance initially with the grievance review officer concerning the alleged incident of excessive force, he failed to file a timely appeal after the grievance review officer denied his grievance, resulting in a dismissal. The merits of his claim were therefore not reviewed by either the warden or the commissioner. Because of Wilbur's failure to comply with the procedural requirements of the grievance policy, he failed to exhaust remedies available to him under that policy, and his complaint with respect to this incident should be dismissed.

February 8, 2019                                            /s/ James E. Fortin
                                                                             James E. Fortin
                                                                             Assistant Attorney General
                                                                             Attorney for Defendants

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed an Acceptance of Service with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the following:

James Wilbur
Maine State Prison
807 Cushing Road
Warren, ME 04864

February 12, 2019                                  /s/ James E. Fortin
                                                                          James E. Fortin
                                                                             Assistant Attorney General

## NOTICE

       Plaintiff's attention is directed to Local Rule 56(c), which requires that a party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts in conformance with the requirements of Local Rule 56(c). Facts contained in the moving party's statement of material facts may be deemed admitted unless properly controverted.